# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1291V
Filed: August 3, 2018
UNPUBLISHED

| | |
|---|---|
| JON FLAIG,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Danielle Strait, Maglio Christopher & Toale, PA, Seattle, WA, for petitioner.*
*Voris Edward Johnson, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On September 20, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a left extremity vaccination injury which was caused-in-fact by his receipt of the flu vaccine on December 16, 2015. Petition at ¶¶1, 2-5. On June 6, 2018, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 20).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On July 2, 2018, petitioner filed an unopposed motion for attorneys' fees and costs. (ECF No. 24).[3] Petitioner requests attorneys' fees in the amount of $7,733.80 and attorneys' costs in the amount of $838.05. *Id.* at 1. In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. *Id.* at 1. Thus, the total amount requested is $8,571.85.

The undersigned has reviewed the billing records submitted with petitioner's request and finds it necessary to reduce the following attorney rates and hours billed.

The undersigned finds it necessary to reduce the hourly rate of Petitioner's counsel Ms. Strait. Petitioner's counsel billed at a rate of $300 for 2016, $320.00 for 2017, and $322.00 for 2018. The rate of $300 has been previously awarded to Ms. Strait for work performed in 2016. The undersigned finds the rate of $322.00 for work performed in 2018 reasonable. However, as is consistent with other cases in this program, Ms. Strait is awarded $307.00 per hour for work performed in 2017.[4] This results in a **reduction of $101.40**.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $8,470.45[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Danielle Strait. Petitioner requests check be forwarded to Maglio Christopher & Toale, PA 1605 Main Street, Suite 710, Sarasota Florida 34236.**

---

[3] The motion was filed as an unopposed motion and specifically states that respondent has no objection to petitioner's request. (ECF No. 24.)

[4] The undersigned addressed Ms. Strait's rate for work performed in 2017 and found $307 was an appropriate hourly rate. *Russell v. Sec'y of Health & Human Servs.*, No. 16-1091V at 8 (Fed. Cl. Spec. Mstr. July 17, 2018).

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.